## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

KURARAY AMERICA INC.
3700 Bay Area Blvd., Suite 680
Houston, TX 77058

                       Plaintiff,

v.

SEKISUI CHEMICAL LTD.
2-6-4 Otemachi
Chiyoda-ku
Tokyo 100-0004
Japan

                 Defendant.

Case No. 25-cv-1554

## COMPLAINT FOR DECLARATORY JUDGEMENT

Plaintiff Kuraray America Inc. brings this action against Defendant Sekisui Chemical Ltd. for a Declaratory Judgment of Invalidity of U.S. Patent Nos. 7,886,871, 8,033,360, 8,695,756, 9,067,386, 9,427,932, and 10,913,244 (collectively, the "Patents-in-Suit").

## THE PARTIES

1.     Kuraray America Inc. ("Kuraray America" or "Plaintiff") is a Delaware registered corporation and has a place of business at 3700 Bay Area Blvd., Suite 680 Houston, TX 77058.

2.     Defendant Sekisui Chemical Ltd. ("Sekisui" or "Defendant") is a corporation organized under the laws of Japan, maintaining its principal place of business at 2-6-4 Otemachi, Chiyoda-ku Tokyo 100-0004, Japan.

## JURISDICTION AND VENUE

3.     This action arises under the Declaratory Judgment Act, 35 U.S.C. § 2201, and the patent laws of the United States, 35 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Kuraray America seeks

1

declaratory relief because Sekisui has engaged in an aggressive patent enforcement campaign against affiliated Kuraray entities in Europe and Asia targeting interlayer film products that Kuraray America imports, markets, and sells in the United States. In July 2024, Sekisui sent a notice letter to Kuraray America's parent company stating that the Trosifol® The Wedge Acoustic and Trosifol® The Wedge Acoustic Shadeband products infringe Sekisui's patent rights in each country it holds patents that claim priority to WO2007/132777. Shortly after, Sekisui brought patent infringement actions in Germany against Kuraray Europe GmbH asserting its European patents, and in Korea against Kuraray Korea Ltd, asserting its Korean patents. Kuraray America faces an immediate threat of litigation because Sekisui holds U.S. patents that are counterparts to those asserted in the foreign proceedings. Therefore, a substantial controversy exists between Kuraray America and Sekisui which is of sufficient immediacy and reality to warrant declaratory relief.

4.    35 U.S.C. § 293 provides that in cases involving a patentee that does not reside in the United States, the U.S. District Court for the Eastern District of Virginia "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court," assuming that "no person" has been designated within the U.S. Patent & Trademark Office ("USPTO") "on whom may be served process or notice of proceedings affecting the patent or rights thereunder." Sekisui is subject to personal jurisdiction in this District pursuant to 35 U.S.C. § 293 because, on information and belief, Sekisui does not reside in the United States, is the owner of the Patents-in-Suit, and has not filed with the USPTO a written designation of a person on whom may be served process or notice of proceedings affecting the Patents-in-Suit or rights thereunder.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, at least because "there is no district in which [this] action may otherwise be brought" and Sekisui is subject to personal jurisdiction in this District, including under 35 U.S.C. § 293.

## BACKGROUND

### A.      Patents-in-Suit

6.      U.S. Patent No. 7,886,871 (the "'871 Patent") is titled "Interlayer Film for Laminated Glass and Laminated Glass" and was issued by the USPTO on February 15, 2011. The assignee identified on the face of the '871 Patent is Sekisui.[1]

7.      U.S. Patent No. 8,033,360 (the "'360 Patent") is titled "Interlayer Film for Laminated Glass and Laminated Glass" and was issued by the USPTO on October 11, 2011. The assignee identified on the face of the '360 Patent is Sekisui.[2] The '360 Patent is a continuation of the '871 Patent.

8.      U.S. Patent No. 8,695,756 (the "'756 Patent") is titled "Interlayer Film For Laminated Glass and Laminated Glass" and was issued by the USPTO on April 15, 2014. The assignee identified on the face of the '756 Patent is Sekisui.[3] The '756 Patent is a continuation of the '360 Patent, which in turn is a continuation of the '871 Patent.

9.      U.S. Patent No. 9,067,386 (the "'386 Patent") is titled "Interlayer Film for Laminated Glass and Laminated Glass" and was issued by the USPTO on June 30, 2015. The

---

[1]A copy of the '871 Patent can be found on the USPTO website, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7886871.
[2]A copy of the '360 Patent can be found on the USPTO website, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8033360.
[3]A copy of the '756 Patent can be found on the USPTO website, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8695756.

assignee identified on the face of the '386 Patent is Sekisui.[4] The '386 Patent is a continuation of the '756 Patent, which in turn is a continuation of the '360 Patent, which in turn is a continuation of the '871 Patent.

10.     U.S. Patent No. 9,427,932 (the "'932 Patent") is titled "Interlayer Film for Laminated Glass and Laminated Glass" and was issued by the USPTO on August 30, 2016. The assignee identified on the face of the '932 Patent is Sekisui.[5] The '932 Patent is a continuation of the '386 Patent, which is a continuation of the '756 Patent, which in turn is a continuation of the '360 Patent, which in turn is a continuation of the '871 Patent.

11.     U.S. Patent No. 10,913,244 (the "'244 Patent") is titled "Interlayer for Laminated Glass and Laminated Glass" and was issued by the USPTO on February 9, 2021. The assignee identified on the face of the '244 Patent is Sekisui.[6]

12.     The '871 Patent, the '360 Patent, the '756 Patent, the '386 Patent, the '932 Patent, and the '244 Patent are collectively referred to herein as the "Patents-in-Suit."

13.     The '871 Patent, the '360 Patent, the '756 Patent, the '386 Patent, and the '932 Patent (collectively, "Patent Family A") are from the same family of patents, share the same specifications, and have similar claims. Patent Family A is directed towards an interlayer film with a wedge shape as a cross-sectional shape. The '244 Patent will be referred to as "Patent Family

---

[4]A copy of the '386 Patent can be found on the USPTO website, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/9067386.
[5]A copy of the '932 Patent can be found on the USPTO website, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/9427932.
[6]A copy of the '244 Patent can be found on the USPTO website, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10913244.

B," and purports to claim an improved method to produce an interlayer film involving a heating step, such that when the film is rolled and stored, there are no wrinkles.

      **B.**    **<u>Kuraray's International Business in Interlayer Film</u>**

    14.    Kuraray was founded in 1926 in Japan by parent corporation Kuraray Co., Ltd. ("Kuraray"). Over the last century, Kuraray has expanded its business to reach 32 countries, positioning itself as a lead specialty chemical company for resins, films, chemicals, textiles, dental and other materials. Kuraray's products provide solutions for many industries including automotive, agriculture, aerospace, paper and packaging, oil and gas, medical, and consumer goods.

    15.    Kuraray has been a player in the interlayer film industry for over two decades and has developed a wide range of PVB films tailored to meet vehicle manufacturer needs. Its offerings include Trosifol® The Wedge Monolayer, Trosifol® The Wedge Shadeband, Trosifol® The Wedge Acoustic, and Trosifol® The Wedge Acoustic Shadeband. The Trosifol® The Wedge Acoustic and Trosifol® The Wedge Acoustic Shadeband products are manufactured by Kuraray Europe GmbH ("Kuraray Europe") and Kuraray Korea Ltd. ("Kuraray Korea"), which then directly sell the products, or export the products to other Kuraray entities to sell.

    16.    Kuraray America is a subsidiary of Kuraray and has become a leader in specialty chemical, fiber, resin, and film production. It operates production, research, and sales facilities throughout the United States, including in Texas, North Carolina, South Carolina and West Virginia. Kuraray America does not manufacture the Trosifol® Wedge Acoustic products itself, but imports from other Kuraray entities to market and sell the products throughout North America.

### C.    History of the Patent Disputes between Kuraray and Sekisui

17.    In the last 13 months, Sekisui has targeted the Trosifol® Wedge Acoustic and Trosifol® Wedge Acoustic Shadeband products (collectively, the "Accused Trosifol Products") developed, manufactured, and sold by various Kuraray entities. Sekisui started its litigation campaign by sending a notice of infringement letter to Kuraray, stating that the Accused Trosifol Products infringe its patent rights in each country where it has filed applications under WO2007/132777 ("Notice Letter"). Patent Family A claims priority to this international patent application, WO2007/132777. Stated differently, the United States is a country where Sekisui has filed applications and has patent rights under WO2007/132777 (*i.e.*, Patent Family A).

18.    Sekisui has made good on its threat in its Notice Letter and has begun rapidly pursuing enforcement actions against the Kuraray entities who develop, manufacture, and sell the Accused Trosifol Products, starting with Kuraray Europe and Kuraray Korea. Both entities have responded by asserting defenses of non-infringement and invalidity.

19.    More particularly, starting in Europe, Sekisui filed multiple patent actions against Kuraray Europe in the Regional Courts of Germany in September 2024[7] alleging infringement by the Accused Trosifol Products. As relevant to this matter, Sekisui asserted the European counterparts to the Patents-in-Suit, including European Patent Nos. EP2017237 ("EP '237"), EP3208247 ("EP '247"), and EP 3357888 ("EP '888") (collectively, the "European Counterparts").[8] Specifically, EP '237 and EP '247 are part of Patent Family A, and EP '888 is

---

[7] The infringement actions were brought in the Landgericht court of Munich (Docket Nos. 7 0 12401/24, 7 0 12476/24, and 7 0 12477/24).

[8] Each European patent is divided into parts per country in the European Union. Therefore, when an entity decides to pursue an enforcement action, or a defensive action, they will bring the suit in the country against that country's part of the European patent. For the German Proceedings, Sekisui claimed Kuraray Europe infringed the German parts of the European counterparts.

part of Patent Family B. Each family claims priority to the same patent applications, is directed towards the same interlayer film subject matter, generally shares the same specification, and has overlapping or similar claims.

20.     The German proceedings against the European Counterparts were decided by the German Regional Court in the first instance, finding infringement, but are now pending appeal. Sekisui has placed a deposit to enforce the judgment against EP '237, allowing the Court to enforce injunctions against the Accused Trosifol Products made, manufactured, exported, and sold by Kuraray Europe. Furthermore, Sekisui has already partially enforced the judgment against EP '237, i.e., to render accounts with regard to the Accused Trosifol Products.

21.     In parallel with the infringement proceedings, Kuraray Europe filed nullity actions in the German Federal Patent Court against the German part of the European Counterparts[9], arguing that they are invalid for various reasons, including (i) lack of novelty because the purported technical improvements were disclosed before the patents' priority dates, including by Sekisui's own interlayer film products, (ii) lack of an inventive step in light of the prior art, and (iii) lack of sufficient disclosure in the patents' specifications.[10] Because the ability to obtain discovery is extremely limited both before the German Regional Courts and the Patent Court, Kuraray Europe sought discovery under § 1782 from U.S.-based Sekisui entities to aid in the infringement and nullity proceedings. *See Kuraray Europe GmbH v. Sekisui S-Lec America LLC and Sekisui America Corporation*, Case No. 1:25-cv-00866-UNA (D. Del.).

22.     Outside Germany, Kuraray Europe filed revocation (i.e., "nullity") actions before the English Patents Court against the UK Parts of the European Counterparts on May 23, 2025.[11]

---

[9] Sekisui brought the infringement action against the German part of each asserted patent.
[10] Docket Nos. 3 Ni 2/25 (BP), 3 Ni 3/25 (BP), and 3 Ni 4/25 (BP).
[11] Docket No. HP-2025-000028.

To avoid a judgment on the merits and discovery on these patents, Sekisui applied to the court for dismissal of the action by consenting to the revocation of each of the UK Parts of the European Counterparts, offering declarations that each of them "is and always has been invalid."

23.    At the same time Sekisui initiated the proceedings against Kuraray Europe, it also sued Kuraray Korea in the Korea District Court on the Korean counterparts to those asserted in Germany (that is, counterparts to Patent Family A and Patent Family B), among others.[12] Like the German proceedings, the lawsuit "seeks an injunction against the manufacture and sale . . . of 'Trosifol' The Wedge Acoustic and 'Trosifol' The Wedge Acoustic Shadeband, sound insulation wedge products manufactured and sold by Kuraray Korea."[13] Kuraray Korea likewise responded with defenses of non-infringement and invalidity, on similar grounds as the German proceedings. These proceedings are still ongoing.

24.    In September 2024, Sekisui additionally petitioned the Korean Trade Commission (KTC) to prevent export of the Accused Trosifol Products by Kuraray Korea. In its petition, Sekisui accuses Kuraray Korea of unfair trade practices by selling products that allegedly infringe the same patents it asserted in the Korean infringement suits. Sekisui seeks to prevent Kuraray Korea from exporting the Accused Trosifol Products to at least other Kuraray entities in America, Peru, China, and India. On August 28, 2025, the KTC has announced its decision and found certain grades of the Accused Trosifol Products to infringe Sekisui's patents. The parties are awaiting a written decision that will identify which patents the KTC found to be infringed.

---

[12] KR101408392B1 is the counterpart to EP '237 and EP '247, all of which claim priority to the same international patent application filed by Sekisui, WO2007/132777. Sekisui also claimed infringement of KR101935215B1, which is the counterpart to EP '888. Sekisui brought additional suits of infringement on other Korean patents directed to interlayer films including KR101935216B1, KR101935222B1, and KR102017443B1.

[13] *See* https://www.sekisuichemical.com/news/2024/1422271_41078.html.

25.     As described, the rapid rate that Sekisui has taken action against Kuraray entities in Europe and Asia, to enforce patents in the same family and involving the same subject matter, technology, and claims as the Patents-in-Suit, makes the United States the next step. Indeed, Sekisui has already sought injunctive relief and damages in Germany and Korea with respect to the Accused Trosifol Products, and Kuraray America sells and offers for sale these same Accused Trosifol Products in the United States, including products made by Kuraray Europe and Kuraray Korea. The notice letter from Sekisui to Kuraray alleging infringement of its patent rights by the Accused Trosifol Products in each country where it has patents claiming priority to WO2007/132777, Sekisui's subsequent initiation of patent lawsuits on Patent Family A and Patent Family B in multiple countries (making good on its threat) and pendency of such lawsuits, and the serious threat of litigation in the United States on the same patent families and products creates a substantial risk of greatly disrupting Kuraray America's domestic business importing and selling the Accused Trosifol Products. As the facts above demonstrate, there exists a substantial controversy between Kuraray America and Sekisui which is of sufficient immediacy and reality to warrant declaratory relief.

## COUNT I: DECLARATORY JUDGMENT OF THE '871 PATENT

26.     Plaintiff realleges and incorporates paragraphs 1 to 25 as if fully set forth herein.

27.     An actual and justiciable case or controversy exists between Kuraray America and Sekisui regarding the validity of the '871 Patent.

28.     Claims 1-8 of the '871 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103.

29.     For example, Claims 1-8 of the '871 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 in view of at least European Patent Pub. No. 1,281,690

("Toyama"); U.S. Patent Pub. No. 2002/0086141 ("Sauer"); U.S. Patent Pub. No. 2006/0210776 ("Lu"); U.S. Patent Pub. No. 2007/0009714 ("Lee"); Terry Yoshioka, MATERIALS, "Functional Laminated Glazing with Advanced PVB Technology" (Mar. 2004) ("Yoshioka"); JP H06-115980 ("Naoki"); Kuraray's Wedge Product ("Kuraray Prior Art Wedge")[14]; and/or Kami Buchholz, MATERIAL INNOVATIONS, "One size doesn't fit all" (Nov. 2005) ("Buchholz"). Such prior art references are illustrative, and not exhaustive, and Plaintiff reserves the right to bring to the Court's attention further evidence of prior art as before the earliest priority date of the '871 Patent as may be relevant.

30.    Claim 1 of the '871 Patent covers an interlayer film for laminated glass having a wedge shape as a cross-section shape and a sound-insulating layer which is sandwiched between two protection layers. But a wedge-shaped interlayer film having a sound-insulating layer sandwiched between two protection layers is not patentable over the prior art.

31.    For example, Lee is entitled "Polymeric Interlayers having a Wedge Profile" and is directed to a polymeric interlayer film that can comprise polyvinyl butyral for use in automotive windshields. *See* Lee at Abstract. Such films can be used with heads-up displays and can exhibit acoustic barrier properties. *Id.* Lee is prior art to the '871 Patent at least under 35 U.S.C. § 102(a), (e), (g) at least because it was filed on May 11, 2006, and claims priority to applications filed on May 11, 2005 and February 7, 2006, before the earliest priority date of the '871 Patent.

32.    Toyama is entitled "Interlayer film for laminated glass and laminated glass" and is directed to an interlayer film that includes a plasticizer and polyvinyl acetal resin, such as polyvinyl

---

[14] The Kuraray Prior Art Wedge is the DuPont® Wedge® product made by Plaintiff's predecessor, an affiliate of E.I. DuPont de Nemours and Co., that was known and used in the U.S. in 2005, including as part of the head-up display available on the Pontiac Grand Prix, Cadillac STS, Cadillac XLR, and Chevrolet Corvette.

butyral, for use in automotive windshields. *See* Toyama at Abstract, [0022]-[0023]. Toyama is prior art to the '871 Patent at least under 35 U.S.C. § 102(a), (b) at least because it was published on February 5, 2003, before the earliest priority date of the '871 Patent.

33.    Lu is entitled "Sound reducing wedge shaped polymer interlayers" and is directed to a polymeric interlayer film that can include vinyl acetals such as polyvinyl butyral, for use in automotive windshields. *See* Lu at Abstract, [0003]-[0004]. Lu is prior art to the '871 Patent at least under 35 U.S.C. § 102(a), (e), and (g) at least because it was filed on March 17, 2005, before the earliest priority date of the '871 Patent.

34.    Claim 1 of the '871 Patent is therefore invalid at least under 35 U.S.C. §§ 102 and/or 103 based on Lee alone or in combination with Toyama, Lu, other references, and/or the knowledge of skill in the art disclosing and/or rendering obvious each and every element of Claim 1 of the '871 Patent.

35.    Plaintiff reserves the right to assert additional invalidity grounds against the claims of the '871 Patent, including based on additional references, products, systems, uses, and other prior art that becomes apparent through further investigation or discovery.

36.    Based on at least the foregoing, Plaintiff seeks and is entitled to declaratory judgment that Claims 1-8 of the '871 Patent are invalid. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '871 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding the '871 Patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY THE '360 PATENT

37.    Plaintiff realleges and incorporates paragraphs 1 to 25 as if fully set forth herein.

38.    An actual and justiciable case or controversy exists between Kuraray America and Sekisui regarding the validity of the '360 Patent.

39.     Claims 1-8 of the '360 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103.

40.     For example, Claims 1-8 of the '360 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103, in view of at least Toyama, Sauer, Lu, Lee, Yoshioka, Naoki, Kuraray Prior Art Wedge, and Bucholz. Such prior art references are illustrative, and not exhaustive, and Plaintiff reserves the right to bring to the Court's attention further evidence of the prior art as before the earliest priority date of the '360 Patent as may be relevant.

41.     Claim 1 of the '360 Patent covers an interlayer film for laminated glass having a wedge shape as a cross-sectional shape and a sound-insulating layer which is sandwiched between two protection layers. But a wedge-shaped interlayer film having a sound-insulating layer sandwiched between two protection layers is not patentable over the prior art.

42.     For example, Lee is entitled "Polymeric Interlayers having a Wedge Profile" and is directed to a polymeric interlayer film that can comprise polyvinyl butyral for use in automotive windshields. *See* Lee at Abstract. Such films can be used with heads-up displays and can exhibit acoustic barrier properties. *Id.* Lee is prior art to the '360 Patent at least under 35 U.S.C. § 102(a), (e), (g) at least because it was filed on May 11, 2006, and claims priority to applications filed on May 11, 2005 and February 7, 2006, before the earliest priority date of the '360 Patent.

43.     Toyama is entitled "Interlayer film for laminated glass and laminated glass" and is directed to an interlayer film that comprises a plasticizer and polyvinyl acetal resin, such as polyvinyl butyral, for use in automotive windshields. *See* Toyama at Abstract, [0022]-[0023]. Toyama is prior art to the '360 Patent at least under 35 U.S.C. § 102(a), (b) at least because it was published on February 5, 2003, before the earliest priority date of the '360 Patent.

44.     Lu is entitled "Sound reducing wedge shaped polymer interlayers" and is directed to a polymeric interlayer film that can include vinyl acetals such as polyvinyl butyral, for use in automotive windshields. *See* Lu at Abstract, [0003]-[0004]. Lu is prior art to the '360 Patent at least under 35 U.S.C. § 102(a), (e), and (g) at least because it was filed on March 17, 2005, before the earliest priority date of the '360 Patent.

45.     Naoki is entitled "Interlayer for laminated glass" and is directed to an interlayer film that can comprise polyvinyl butyral for use in automotive windshields. *See* Naoki at Abstract. Such films can be used for sound insulation. *Id.* Naoki is prior art to the '360 Patent at least under 35 U.S.C. § 102(a) and (b) at least because it published on April 26, 1994, before the earliest priority date of the '360 Patent.

46.     Claim 1 of the '360 Patent is therefore invalid at least under 35 U.S.C. §§ 102 and/or 103 based on Lee alone or in combination with Toyama, Lu, Naoki, other references, and/or the knowledge of skill in the art disclosing and/or rendering obvious each and every element of Claim 1 of the '360 Patent.

47.     Plaintiff reserves the right to assert additional invalidity grounds against the claims of the '360 Patent, including based on additional references, products, systems, uses, and other prior art that become apparent through further investigation or discovery.

48.     Based on at least the foregoing, Plaintiff seeks and is entitled to declaratory judgment that Claims 1-8 of the '360 Patent are invalid. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '360 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding the '360 Patent.

**COUNT III: DECLARATORY JUDGMENT OF INVALIDITY THE '756 PATENT**

49.     Plaintiff realleges and incorporates paragraphs 1 to 25 as if fully set forth herein.

50.     An actual and justiciable case or controversy exists between Kuraray America and Sekisui regarding the validity of the '756 Patent.

51.     Claims 1-9 of the '756 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

52.     Claims 1-9 of the '756 Patent are invalid as anticipated and/or obvious, including under 35 U.S.C. §§ 102 and/or 103 in view of at least Toyama, Sauer, Lu, Lee, Yoshioka, Naoki, Kuraray Prior Art Wedge, and Bucholz. Such prior art references are illustrative, and not exhaustive, and Plaintiff reserves the right to bring to the Court's attention further evidence of the prior art as before the earliest priority date of the '756 Patent as may be relevant.

53.     Claim 1 of the '756 Patent covers an interlayer film for laminated glass having a wedge shape as a cross-sectional shape and a sound-insulating layer which is sandwiched between two protection layers. But a wedge-shaped interlayer film having a sound-insulating layer sandwiched between two protection layers is not patentable over the prior art.

54.     For example, Lee is entitled "Polymeric Interlayers having a Wedge Profile" and is directed to a polymeric interlayer film that can comprise polyvinyl butyral for use in automotive windshields. *See* Lee at Abstract. Such films can be used with heads-up displays and can exhibit acoustic barrier properties. *Id.* Lee is prior art to the '756 Patent at least under 35 U.S.C. § 102(a), (e), (g) at least because it was filed on May 11, 2006, and claims priority to applications filed on May 11, 2005 and February 7, 2006, before the earliest priority date of the '756 Patent.

55.     Toyama is entitled "Interlayer film for laminated glass and laminated glass" and is directed to an interlayer film that includes comprise a plasticizer and polyvinyl acetal resin, such as polyvinyl butyral, for use in automotive windshields. *See* Toyama at Abstract, [0022]-[0023].

Toyama is prior art to the '756 Patent at least under 35 U.S.C. § 102(a), (b) at least because it was published on February 5, 2003, before the earliest priority date of the '756 Patent.

56.    Lu is entitled "Sound reducing wedge shaped polymer interlayers" and is directed to a polymeric interlayer film that can include vinyl acetals such as polyvinyl butyral, for use in automotive windshields. *See* Lu at Abstract, [0003]-[0004]. Lu is prior art to the '756 Patent at least under 35 U.S.C. § 102(a), (e), and (g) at least because it was filed on March 17, 2005, before the earliest priority date of the '756 Patent.

57.    Claim 1 of the '756 Patent is therefore invalid at least under 35 U.S.C. §§ 102 and/or 103 based on Lee alone or in combination with Toyama, Lu, other references and/or the knowledge of skill in the art disclosing each and every element of Claim 1 of the '756 Patent.

58.    Further, Claims 1-9 of the '756 Patent are invalid under 35 U.S.C. § 112 at least because they lack adequate written description and/or lack enablement.

59.    For example, Claim 1 of the '756 Patent recites an interlayer film for laminated glass "wherein said interlayer film has an excellent defoaming property, whereby no foam is generated at the time of producing a laminated glass due to said sound-insulating layer having a wedge shape as a cross-sectional shape and being sandwiched between said protection layers also having a wedge shape as a cross-sectional shape."

60.    Claim 1 of the '756 Patent is invalid for lack of written description because the specification does not describe the claimed defoaming property in sufficient detail that a person of ordinary skill in the art can reasonably conclude that the inventor had possession of the claimed subject matter. For example, the specification describes evaluations of certain examples of interlayer films. The evaluations are insufficient to show that the claimed defoaming property is due to the claimed configuration of a sound-insulating layer having a wedge shape as a cross-

sectional shape and being sandwiched between protection layers also having a wedge shape as a cross-sectional shape.

61.     Claim 1 of the '756 Patent is invalid for lack of enablement because the specification does not contain sufficient information for a person of ordinary skill in the art to make or use an interlayer film having the claimed defoaming property. For example, the specification describes evaluations of certain examples of interlayer films. The evaluations are insufficient to show that an interlayer film with the claimed configuration of a sound-insulating layer having a wedge shape as a cross-sectional shape and being sandwiched between protection layers also having a wedge shape as a cross-sectional shape has the claimed defoaming property.

62.     Claims 2-9, which depend from Claim 1 of the '756 Patent, are invalid under 35 U.S.C. § 112 for at least the same reasons as Claim 1.

63.     Plaintiff reserves the right to assert additional invalidity grounds against the claims of the '756 Patent, including based on additional references, products, systems, uses, and other prior art that become apparent through further investigation or discovery.

64.     Based on at least the foregoing, Plaintiff seeks and is entitled to declaratory judgment that Claims 1-9 of the '756 Patent are invalid. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '756 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding the '756 Patent.

**COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY THE '386 PATENT**

65.     Plaintiff realleges and incorporates paragraphs 1 to 25 as if fully set forth herein.

66.     An actual and justiciable case or controversy exists between Kuraray America and Sekisui regarding the validity of the '386 Patent.

67.    Claims 1-9 of the '386 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103.

68.    For example, Claims 1-9 of the '386 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103, including in view of at least Toyama, Sauer, Lu, Lee, Yoshioka, Naoki, Kuraray Prior Art Wedge, and Bucholz. Such prior art references are illustrative, and not exhaustive, and Plaintiff reserves the right to bring to the Court's attention further evidence of the prior art as before the earliest priority date of the '386 Patent as may be relevant.

69.    Claim 1 of the '386 Patent covers an interlayer film for laminated glass having a wedge shape as a cross-sectional shape and a sound-insulating layer which is sandwiched between two protection layers. But a wedge-shaped interlayer film having a sound-insulating layer sandwiched between two protection layers is not patentable over the prior art.

70.    For example, Lee is entitled "Polymeric Interlayers having a Wedge Profile" and is directed to a polymeric interlayer film that can comprise polyvinyl butyral for use in automotive windshields. *See* Lee at Abstract. Such films can be used with heads-up displays and can exhibit acoustic barrier properties. *Id.* Lee is prior art to the '386 Patent at least under 35 U.S.C. § 102(a), (e), (g) at least because it was filed on May 11, 2006, and claims priority to applications filed on May 11, 2005 and February 7, 2006, before the earliest priority date of the '386 Patent.

71.    Toyama is entitled "Interlayer film for laminated glass and laminated glass" and is directed to an interlayer film that includes comprise a plasticizer and polyvinyl acetal resin, such as polyvinyl butyral, for use in automotive windshields. *See* Toyama at Abstract, [0022]-[0023]. Toyama is prior art to the '386 Patent at least under 35 U.S.C. § 102(a), (b) at least because it was published on February 5, 2003, before the earliest priority date of the '386 Patent.

17

72.     Lu is entitled "Sound reducing wedge shaped polymer interlayers" and is directed to a polymeric interlayer film that can include vinyl acetals such as polyvinyl butyral, for use in automotive windshields. *See* Lu at Abstract, [0003]-[0004]. Lu is prior art to the '386 Patent at least under 35 U.S.C. § 102(a), (e), and (g) at least because it was filed on March 17, 2005, before the earliest priority date of the '386 Patent.

73.     Claim 1 of the '386 Patent is invalid at least under 35 U.S.C. §§ 102 and/or 103 based on Lee alone or in combination with Toyama, Lu, other references and/or the knowledge of skill in the art disclosing and/or rendering obvious each and every element of Claim 1 of the '386 Patent.

74.     Plaintiff reserves the right to assert additional invalidity grounds against the claims of the '386 Patent, including based on additional references, products, systems, uses, and other prior art that become apparent through further investigation or discovery.

75.     Based on at least the foregoing, Plaintiff seeks and is entitled to declaratory judgment that Claims 1-9 of the '386 Patent are invalid. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '386 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding the '386 Patent.

## COUNT V: DECLARATORY JUDGMENT OF INVALIDITY OF THE '932 PATENT

76.     Plaintiff realleges and incorporates paragraphs 1 to 25 as if fully set forth herein.

77.     An actual and justiciable case or controversy exists between Kuraray America and Sekisui regarding the validity of the '932 Patent.

78.     Claims 1-9 of the '932 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103.

79.     Claims 1-9 of the '932 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103, including in view of at least Toyama, Sauer, Lu, Lee, Yoshioka, Naoki, Kuraray Prior Art Wedge, and Bucholz. Such prior art references are illustrative, and not exhaustive, and Plaintiff reserves the right to bring to the Court's attention further evidence of the prior art as before the earliest priority date of the '932 Patent as may be relevant.

80.     Claim 1 of the '932 Patent covers an interlayer film for laminated glass having a wedge shape as a cross-sectional shape and a sound-insulating layer which is sandwiched between two protection layers. But a wedge-shaped interlayer film having a sound-insulating layer sandwiched between two protection layers is not patentable over the prior art.

81.     For example, Lee is entitled "Polymeric Interlayers having a Wedge Profile" and is directed to a polymeric interlayer film that can comprise polyvinyl butyral for use in automotive windshields. *See* Lee at Abstract. Such films can be used with heads-up displays and can exhibit acoustic barrier properties. *Id.* Lee is prior art to the '932 Patent at least under 35 U.S.C. § 102(a), (e), (g) at least because it was filed on May 11, 2006, and claims priority to applications filed on May 11, 2005 and February 7, 2006, before the earliest priority date of the '932 Patent.

82.     Toyama is entitled "Interlayer film for laminated glass and laminated glass" and is directed to an interlayer film that includes comprise a plasticizer and polyvinyl acetal resin, such as polyvinyl butyral, for use in automotive windshields. *See* Toyama at Abstract, [0022]-[0023]. Toyama is prior art to the '932 Patent at least under 35 U.S.C. § 102(a), (b) at least because it was published on February 5, 2003, before the earliest priority date of the '932 Patent.

83.     Lu is entitled "Sound reducing wedge shaped polymer interlayers" and is directed to a polymeric interlayer film that can include vinyl acetals such as polyvinyl butyral, for use in automotive windshields. *See* Lu at Abstract, [0003]-[0004]. Lu is prior art to the '932 Patent at

least under 35 U.S.C. § 102(a), (e), and (g) at least because it was filed on March 17, 2005, before the earliest priority date of the '932 Patent.

84.    Claim 1 of the '932 Patent is invalid at least under 35 U.S.C. §§ 102 and/or 103 based on Lee alone or in combination with Toyama, Lu, other references and/or the knowledge of skill in the art disclosing and/or rendering obvious each and every element of Claim 1 of the '932 Patent.

85.    Plaintiff reserves the right to assert additional invalidity grounds against the claims of the '932 Patent, including based on additional references, products, systems, uses, and other prior art that become apparent through further investigation or discovery.

86.    Based on at least the foregoing, Plaintiff seeks and is entitled to declaratory judgment that Claims 1-9 of the '932 Patent are invalid. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '932 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding the '932 Patent.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE '244 PATENT

87.    Plaintiff realleges and incorporates paragraphs 1 to 25 as if fully set forth herein.

88.    An actual and justiciable case or controversy exists between Kuraray America and Sekisui regarding the validity of the '244 Patent.

89.    Claims 1-17 of the '244 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

90.    For example, Claims 1-17 of the '244 Patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103, including in view of at least U.S. Patent Pub. No. 2007/0009714 ("Lee"), Kuraray's Wedge Product ("Kuraray Prior Art Wedge"), Sekisui's S-LEC Product ("Sekisui Prior Art Film"), and the '871, '360, '756, '386, and/or '932 Patents, alone

and/or in combination amongst each other and other prior art references, in view of the knowledge of a person of ordinary skill in the art. Such prior art references are illustrative, and not exhaustive, and Plaintiff reserves the right to bring to the Court's attention further evidence of the prior art as before the earliest priority date of the '244 Patent as may be relevant.

91.     Claim 1 of the '244 Patent covers an interlayer film for laminated glass having a wedge shape and having specific shrinkage characteristics when heated and tested according to the procedure provided in the claim. But wedge-shaped interlayer films having the claimed shrinkage characteristics are neither novel nor nonobvious over the prior art.

92.     For example, Lee is entitled "Polymeric Interlayers having a Wedge Profile" and is directed to a polymeric interlayer film that can comprise polyvinyl butyral for use in automotive windshields. *See* Lee at Abstract. Such films can be used with heads-up displays and can exhibit acoustic barrier properties. *Id.* Lee is prior art to the '244 Patent at least under 35 U.S.C. § 102(a) at least because it published on January 11, 2007, before the earliest priority date of the '244 Patent.

93.     Lee discloses or renders obvious the Claim 1 of the '244 Patent alone or in combination with other prior art references because such disclose a wedge-shaped interlayer film that would exhibit the claimed shrinkage characteristics when tested by the procedure provided in the claim.

94.     Claim 1 of the '244 Patent is therefore at least invalid under 35 U.S.C. §§ 102 and/or 103 based on Lee alone or in combination with Kuraray Prior Art Wedge, Sekisui Prior Art Film, other references and/or the knowledge of skill in the art disclosing and/or rendering obvious each and every element of Claim 1 of the '244 Patent.

95.     Further, the Kuraray Prior Art Wedge is a wedge-shaped interlayer film for laminated glass comprising polyvinyl butyral for use in automotive windshields. Kuraray Prior Art

Wedge is prior art to the '244 Patent at least under 35 U.S.C. § 102(a) at least because it was publicly sold, used, or offered for sale before the earliest priority date of the '244 Patent. Specifically, the Kuraray Prior Art Wedge was made by Plaintiff's predecessor, an affiliate of E.I. DuPont de Nemours and Co., at least as early as 2010 and disclosed through sales, offers, and/or use, including sales to customers at least as early as 2011, including Pilkington in Ontario, Canada.

96.    Kuraray Prior Art Wedge discloses or renders obvious Claim 1 of the '244 Patent alone or in combination with other prior art because such disclose a wedge-shaped interlayer film that that exhibits the claimed shrinkage characteristics when tested by the procedure provided in the claim.

97.    Claim 1 of the '244 Patent is therefore at least invalid under 35 U.S.C. §§ 102 and/or 103 based on Kuraray Prior Art Wedge alone or in combination with Lee, Sekisui Prior Art Film, other references and/or the knowledge of skill in the art disclosing and/or rendering obvious each and every element of Claim 1 of the '244 Patent.

98.    Sekisui Prior Art Film is a wedge-shaped multi-layer interlayer film for laminated glass comprising polyvinyl butyral for use in automotive windshields. Sekisui Prior Art Film is prior art to the '244 Patent at least under 35 U.S.C. § 102(a) at least because it was publicly sold, used, or offered for sale before the earliest priority date of the '244 Patent and is not subject to 35 U.S.C. § 102(b). Specifically, Sekisui Prior Art Film was manufactured, offered, and sold by Sekisui before September 30, 2014, including to KCC Glass Corporation in Seoul, Korea.

99.    Sekisui Prior Art Film discloses or renders obvious Claim 1 of the '244 Patent alone or in combination with other prior art because such disclose a wedge-shaped interlayer film that exhibits the claimed shrinkage characteristics when tested by the procedure provided in the claim.

100. Claim 1 of the '244 Patent is therefore at least invalid under 35 U.S.C. §§ 102 and/or 103 based on Sekisui Prior Art Film alone or in combination with Lee, Kuraray Prior Art Wedge, other references and/or the knowledge of skill in the art disclosing and/or rendering obvious each and every element of Claim 1 of the '244 Patent.

101. Further, Claims 1-17 of the '244 Patent are invalid under 35 U.S.C. § 112 at least because they lack adequate written description, lack enablement, and/or are indefinite.

102. Claim 1 of the '244 Patent recites an interlayer film for laminated glass that is thicker at one end than at the opposite end and that exhibits certain thermal shrinkage characteristics when tested according to the procedure set out in the claim, as follows:

> when a distance between the one end and the other end is defined as X, the absolute value of a difference between the largest thermal shrinkage ratio among three thermal shrinkage ratios of the first thermal shrinkage ratio at 150° C. after allowed to stand at 150° C. for 0.5 hours in the machine direction on a first position apart from the one end by 0.05X toward the other end, the second thermal shrinkage ratio at 150° C. after allowed to stand at 150° C. for 0.5 hours in the machine direction on a second position apart from the one end by 0.5X toward the other end, and the third thermal shrinkage ratio at 150° C. after allowed to stand at 150° C. for 0.5 hours in the machine direction on a third position apart from the one end by 0.95X toward the other end and the smallest thermal shrinkage ratio among the three thermal shrinkage ratios being more than 0.0% and 15% or less, and the largest thermal shrinkage ratio among the first, second and third thermal shrinkage ratios being 14% or more and 56% or less, the first, second and third thermal shrinkage ratios each being measured by using a test piece which has a square shape of 5 cm in the machine direction and 5 cm in the transverse direction.

103. Claim 1 of the '244 Patent is invalid for lack of written description because the specification does not disclose the claimed thermal shrinkage characteristics, namely that "the largest thermal shrinkage ratio among the first, second and third thermal shrinkage ratios being 14% or more and 56% or less."

104. Thus, the specification of the '244 Patent does not provide written description support for interlayer films having the claimed thermal shrinkage characteristics. The specification lacks adequate examples or description of such films.

105.    Claim 1 of the '244 Patent is invalid for lack of enablement because the specification does not contain sufficient instruction for a person of ordinary skill in the art to make or use a film having the claimed thermal shrinkage characteristics, namely a film having "the absolute value of a difference between the largest thermal shrinkage ratio . . . and the smallest thermal shrinkage ratio among the three thermal shrinkage ratios being more than 0.0% and 15% or less" or "the largest thermal shrinkage ratio among the first, second and third thermal shrinkage ratios being 14% or more and 56% or less."

106.    Thus, the specification of the '244 Patent does not enable a person of ordinary skill to practice the claimed invention, an interlayer films having the specific claimed thermal shrinkage characteristics. The specification lacks adequate examples and/or description of how films exhibiting the entire claimed ranges are made or used.

107.    Claims 2-17, which depend from Claim 1 of the '244 Patent, are invalid under 35 U.S.C. § 112 for at least the same reasons as Claim 1.

108.    Plaintiff reserves the right to assert additional invalidity grounds against the claims of the '244 Patent, including based on additional prior art references that become apparent through further investigation or discovery.

109.    Based on at least the foregoing, Plaintiff seeks and is entitled to declaratory judgment that Claims 1-17 of the '244 Patent are invalid. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '244 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding the '244 Patent.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

    A.  Enter declaratory judgment that Claims 1-8 of the '871 Patent are invalid;

    B.  Enter declaratory judgment that Claims 1-8 of the '360 Patent are invalid;

C.  Enter declaratory judgment that Claims 1-9 of the '756 Patent are invalid;

D.  Enter declaratory judgment that Claims 1-9 of the '386 Patent are invalid;

E.  Enter declaratory judgment that Claims 1-9 of the '932 Patent are invalid;

F.  Enter declaratory judgment that Claims 1-17 of the '244 Patent are invalid;

G.  Declare this case exceptional under 35 U.S.C. § 285;

H.  Award Plaintiff its reasonable attorneys' fees and costs incurred in this Action;

I.  Grant such other and further relief as this Court deems just and proper.

### **<u>JURY DEMAND</u>**

Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury to any of the issues so triable.

Dated: September 17, 2025

Respectfully submitted,

**Kuraray America Inc.**

By their attorneys

*/s/ Jon M. Talotta*
Jon M. Talotta (Bar No. 44590)
HOGAN LOVELLS US LLP
8350 Broad St., 17th Floor
Tysons, VA 22102
(703) 610-6156
(703) 610-6200
jon.talotta@hoganlovells.com

Joseph J. Raffetto (Bar No. 75333)
Robert J. Weinschenk (*pro hac vice forthcoming*)
Nicholas Rotz (Bar No. 91035)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
(202) 637-5797
joseph.raffetto@hoganlovells.com
robert.weinschenk@hogalovells.com
nicholas.rotz@hoganlovells.com

Christine Pinnkathok (*pro hac vice forthcoming*)
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
(415) 374-2300
christine.pinnkathok@hoganlovells.com

*Counsel for Kuraray America Inc.*